IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| DEAN LEE NORBY,<br><br>    Plaintiff,<br><br>    vs.<br><br>MICHELLE STEYH, WILLIAM HITCHENS, and MIKE MAHONEY,<br><br>    Defendants. | Cause No. CV 10-00015-H-DWM-RKS<br><br>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO GRANT PLAINTIFF'S MOTION TO DISMISS |

Plaintiff, Dean Lee Norby, is a pro se prisoner who has been granted permission to proceed in forma pauperis with this action filed under 42 U.S.C. § 1983. The Court has jurisdiction pursuant to 28 U.S.C. § 1331. Pending is Mr. Norby's Motion to Dismiss. (Court Doc. 19). While Defendants do not object to the dismissal they request the dismissal be with prejudice. Mr. Norby did not specify in his motion whether the dismissal should be with or without prejudice and he did not reply to Defendants' response.

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO GRANT PLAINTIFF'S MOTION TO DISMISS –
CV-10-0015-H-DWM-RKS / PAGE 1

Mr. Norby's Motion to Dismiss was filed on November 1, 2010 and states as follows:  "Plaintiff, after receiving full cooperation from Defendants in regards to discovery and having ample time to review all documents feels its fair and just to ask the Court to dismiss #CV-10-H-00015-DWM-RKS against Michelle Steyh, William Hitchens and Mike Mahoney.  Mr. Norby feels that it would be counter productive for all involved to move forward in this case."
(Court Doc. 19).

Mr. Norby did not specify in his motion whether the dismissal should be with or without prejudice.  Defendants argue it should be with prejudice.  They contend Mr. Norby's motion to dismiss came only after Defendant spent considerable time, effort, and resources preparing and making a motion for summary judgment.  They also contend Mr. Norby's motion indicates he has no intention of refiling the case.  (Court Doc. 20).

Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, unless a case is dismissed before a defendants appears in the case or

the parties stipulate to the dismissal, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  The Court will recommend this matter be dismissed with prejudice for the reasons given by Defendants.  First, Mr. Norby did not specify whether the dismissal should be with or without prejudice.  Secondly, Mr. Norby only moved to dismiss this action after Defendants filed an extensive motion for summary judgment.  And, finally, while Mr. Norby does not state he has no intention to refile the case (as suggested by Defendants), he does indicate, "it would be counter productive for all involved to move forward in this case." (Court Doc. 19).  Since Mr. Norby requested a dismissal without specifying whether it should be with or without prejudice, he has implicitly accepted either determination by this Court.  See [Hargis v. Foster, 312 F.3d 404, 412 (9th Cir. 2002).](#)

    Accordingly, the Court considers dismissal with prejudice to be proper in this case.

    The Federal Rules of Appellate Procedure provide as follows:

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
TO GRANT PLAINTIFF'S MOTION TO DISMISS –
CV-10-0015-H-DWM-RKS / PAGE 3

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed. R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. Neitzke, 490 U.S. at 325, 327; Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984). Given that Mr. Norby requested dismissal of this action and did not specify whether it should be with or without

prejudice, the Court should certify that any appeal of this matter would not be taken in good faith.

At all times during the pendency of this action, Mr. Norby SHALL IMMEDIATELY ADVISE the Court and opposing counsel of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date, except that if Mr. Norby has been released from custody, the notice should so indicate.  The notice shall not include any motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to [Federal Rule of Civil Procedure 41(b)](#).

Based on the foregoing, the Court issues the following:

### RECOMMENDATIONS

1. Mr. Norby's Motion to Dismiss (Court Doc. 19) should be granted and this matter dismissed with prejudice.

2. All other pending motions, including Defendants' Motion for Summary Judgment (Court Doc. 15), should be denied as moot.

3. The Clerk of Court should be directed to enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure and close this case.

4. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  As this deadline allows a party to act after the Findings and Recommendations is served, it falls under Fed.R.Civ.P. 6(d).  Therefore, three (3) days are added after the period would otherwise expire.

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO GRANT PLAINTIFF'S MOTION TO DISMISS – CV-10-0015-H-DWM-RKS / PAGE 6

Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 2nd day of December, 2010.

      /s/ Keith Strong
     Keith Strong
     United States Magistrate Judge